IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

**OMARION DICKENS**                                                                                              **PLAINTIFF**

Case No. 6:24-cv-06148

**OUACHITA BAPTIST UNIVERSITY;**                                                          **DEFENDANTS**
**MICHAEL REYNOLDS**

## COMPLAINT

Comes now Plaintiff Omarion Dickens, by and through undersigned counsel, and for his Complaint states:

### PARTIES

1. Omarion Dickens is an African-American male and citizen of the state of Arkansas.

2. He was enrolled at Ouachita Baptist University during the 2022-23 school year.

3. Ouachita Baptist University (OBU) is a non-profit corporation located in Arkadelphia, Arkansas.

4. Michael Reynolds, a white male, is a former kinesiology professor and department chair at OBU.

5. On information and belief, Mr. Reynolds is a citizen of the state of Arkansas.

### JURISDICTION AND VENUE

6. This Court has primary jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and § 1343(a)(4). The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. The Court possesses jurisdiction over the parties, as the acts complained of all took place within Clark County, Arkansas.

### FACTS

8. OBU is a private Christian university located in Arkadelphia, University, and founded in 1886.

1

9. It is generally regarded as one of the most prestigious small colleges in the South.

10. It receives a substantial amount of federal funding.

11. In November 2022, Mr. Dickens was a student at OBU.

12. He entered the university pursuant to a financial aid agreement and/or other written instruments.

13. He had been recruited as a student-athlete to play defensive back for the football team.

14. OBU, on information and belief, had a black student population of approximately 6%, roughly half the national average and about 40% of the population of Arkansas.

15. During the relevant time period, Reynolds was a long-tenured professor at OBU.

16. He taught an introductory lecture class on coaching.

17. Many of the students in the class were student-athletes.

18. On information and belief, the percentage of black students in the class (or at least, Mr. Dickens' section) was higher than the school average.

19. A class session was scheduled for November 15, 2022.

20. Mr. Dickens entered class that day with another black student.

21. As they entered, they observed that Reynolds was holding a noose.

22. He made several odd remarks about it, including asking them if it appeared to be the right size while laughing and/or smiling.

23. Dickens continued into class and sat down, and the lecture began.

24. At some point in the lecture, to Dickens' surprise and shock, Reynolds suddenly tossed the rope around his neck.

25. He then pulled it tight.

26. This was a source of physical pain, humiliation, and mental and emotional hurt.

27. It cut off Dickens' ability to respirate.

28. Dickens was, in essence, forced to endure a mock hanging.

29. The incident called to mind and heart the instances of unjustified, race-based violence that far too many black American endured at the hands of some white men over the years, especially in the South.

30. It is anticipated that Reynolds and the university will claim that this action was taken in furtherance of a lesson plan.

31. In the first few months of his college career, Omarion was happy to be at OBU, engaged, and a well-performing student.

32. After this event, his affection for the school dissipated, and his academic work suffered.

33. He also experienced long-lasting emotional and psychological damage.

34. Though he finished out the school year, he transferred to a college in Oklahoma for the 2023-24 school year.

35. He is not currently enrolled in any college.

## CAUSES OF ACTION

### Count I: Negligence

36. Plaintiff incorporates, as if fully repeated herein, all previous allegations of fact.

37. Defendants had a duty to BJ as both a student as a special needs student, including, but not limited to, instructing him using reasonable and teaching methods and ensuring that faculty are properly hired, trained, and retained.

38. Defendants breached that duty.

39. That breach of duty led to the plaintiff suffering damages.

### Count II: Violation of Civil Rights Under Ark. Code Ann. § 16-123-101 et seq., 42 U.S.C. § 1981, and Title VI of the Civil Rights Act of 1964

40. Plaintiff incorporates, as if fully repeated herein, all previous allegations of fact.

41. Per Ark. Code Ann. § 16-123-107(a), "The right of an otherwise qualified person to be free from discrimination because of race, religion, national origin, gender, or the presence of any sensory, mental, or physical disability is recognized as and declared to be a civil right."

42. Rights protected by this statute are "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement" and "[t]he right to engage in credit and other contractual transactions without discrimination". *Id.*

43. Under 42 U.S.C. § 1981, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts. . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

44. Under § 601 of Title VI, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d.

45. The defendants violated these rights, causing damages to Mr. Dickens.

### *Count III: Violation of Ark. Code Ann. § 16-118-107*

46. Plaintiff incorporates, as if fully repeated herein, all previous allegations of fact.

47. Ark. Code Ann. § 16-118-107 provides a cause of action for individuals injured by the felonious conduct of another.

48. Omarion was the victim of a felony, such as assault, battery, terroristic threatening, at the hands of Michael Reynolds.

49. He sustained damages as a result of this misconduct.

*Count IV: Vicarious Liability*

50. Plaintiff incorporates, as if fully repeated herein, all previous allegations of fact.

51. Reynolds was a high-ranking employee of OBU.

52. He took these acts within the course and scope of his employment with OBU.

53. Accordingly, OBU is liable for Reynolds' tortious acts.

## PRAYER FOR RELIEF

54. Plaintiff requests the following:.

    a. A declaratory judgment finding that the defendants have violated his civil rights;

    b. An award of compensatory damages, in an amount to be determined by a jury, that will compensate him for the various forms of harm suffered and will continue to suffer.

    c. An award of punitive damages, in an amount to be determined by the jury, that would punish Defendants for the willful, wanton, and/or reckless conduct alleged herein and that would effectively deter similar conduct in the futured.

55. A reasonable attorney's fee.

56. All other relief the Court determines is just and proper.

57. A jury trial.

                                              Respectfully submitted,

                                              /s/Geoffrey D. Kearney
                                              Geoffrey D. Kearney
                                              Ark. Bar No. 2012304

                                              The Law Office of Geoffrey D. Kearney, PLLC
                                              P.O. Box 8276
                                              Pine Bluff, AR 71611
                                              P: 870-376-3068
                                              E: GDK@gdkpllc.com

                Attorney for Plaintiff