**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

**OMARION DICKENS**                                                                    **PLAINTIFF**

**Case No. 6:24-cv-06148**

**OUACHITA BAPTIST UNIVERSITY;**                                        **DEFENDANTS**
**MICHAEL REYNOLDS; AMERICAN FAMILY HOME**
**INSURANCE COMPANY; WRIGHT SPECIALTY INSURANCE;**
**BROWN AND BROWN INSURANCE, INC.; JOHN DOES**
**1 THROUGH 10**

**BRIEF IN SUPPORT OF**
**MOTION TO CERTIFY QUESTION**

Comes now Plaintiff Omarion Dickens, by and through undersigned counsel, and

States in support of his Motion to Certify Question:

BACKGROUND

Plaintiff Omarion Dickens, a young black male, was a student at Ouachita Baptist University

(OBU) in the fall semester of 2022. During the course of a lecture, Professor Michael Reynolds placed

a noose around Omarion's neck and choked him with it. Dickens has filed suit alleging civil rights and

tort claims against the defendants. OBU asserts that it is immune from all claims under the doctrine

of charitable immunity. Plaintiff both disputes that OBU has made the required showing to justify a

determination of charitable immunity at this stage and asserts, *inter alia*, that even if the Court

determines that question in OBU's favor, the reach of such a decision is limited to the negligence

count. He seeks certification of a question to the Supreme Court of Arkansas on the bounds of that

doctrine with respect to the state-law claims.

ARGUMENT

Rule of the Supreme Court and Court of Appeals of the State of Arkansas 6-8 sets forth the

grounds upon and procedure by which the Supreme Court of Arkansas will answer a question of law

presented by a federal court interpreting Arkansas law. Rule 6-8(a)(1) provides:

> The Supreme Court may, in its discretion, answer questions of law
> certified to it by order of a federal court of the United States if there
> are involved in any proceeding before it questions of Arkansas law
> which may be determinative of the cause then pending in the certifying
> court and as to which it appears to the certifying court there is no
> controlling precedent in the decisions of the Supreme Court.

As this Court has recognized, certification of legal questions serves several purposes:

> The Arkansas Supreme Court has the power to hear questions
> of law certified to it by a federal court when there is no controlling
> precedent. Ark. Sup. Ct. & Ct. App. R. 6-8(a)(1).  The Arkansas
> Supreme Court has recognized several benefits of this certification
> process, which:
>
> > (i) allows federal courts to avoid mischaracterizing state law
> > (thereby avoiding a misstatement that might produce an
> > injustice in the particular case and potentially mislead other
> > federal and state courts until the state supreme court finally, in
> > other litigation, corrects the error); (ii) strengthens the primacy
> > of the state supreme court in interpreting state law by giving it
> > the first opportunity to conclusively decide an issue; (iii) avoids
> > conflicts between federal and state courts, and forestalls
> > needless litigation; and (iv) protects the sovereignty of state
> > courts.

*Edwards v. Thomas*, No. 4:19-CV-4018, 2020 WL 3913533, at *8 (W.D. Ark. July 10, 2020) (quoting

*Longview Prod. Co. v. Dubberly*, 352 Ark. 207, 209, 99 S.W.3d 427, 428 (2003)).

Here, Defendant OBU asserts that it is immune from all claims under the doctrine of charitable immunity. However, there does not appear to be any authority applying the doctrine to claims outside of the negligence (including medical malpractice) context. Moreover, the genesis of the doctrine, its narrow construction, its application over the years, Arkansas' approach to the similar doctrine of statutory immunity, all suggest that it does not shield against intentional tort claims, Arkansas Civil Rights Act claim, or the statutory remedy for crime victims set forth in Ark. Code Ann. § 16-118-107.

As to the doctrine's development, early cases make focus on the doctrine's relevance to actions for *negligence*, not civil suits generally. For instance, one opinion, referencing another, stated:

2

> The *Cabbiness* case clearly points out that immunity of a charitable corporation from liability for negligence is so thoroughly established in this State that the doctrine has become a rule of property. In these circumstances we cannot say that the law implies that it is the duty of the hospital to use due care, and liability for not doing so. It would appear that if there is any implication supplied by law it would be that there is no liability for the failure to use due care.

*Helton v. Sisters of Mercy of St. Joseph's Hosp.*, 234 Ark. 76, 81–82 (1961) (citing *Cabbiness v. City of North Little Rock*, 228 Ark. 356 (1957)). And, indeed, decades into its existence, it is seemingly *always and exclusively* applied in the negligence context. *See, e.g., Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark. 533 (2009); *LeMay v. Trinity Lutheran Church*, 248 Ark. 119 (1970); *Camden - Progressive Eldercare Servs., Inc. v. Robinson*, 2025 Ark. App. 562; *St. Bernard's Cmty. Hosp. Corp. v. Cheney*, 2021 Ark. App. 236.

This shield is asserted only, or at least primarily, in negligence cases. No Arkansas appellate court appears to have stated that it applies outside of that context. Additionally, courts have, for many years, stated that this doctrine is to be given a "very narrow" construction. *See, e.g., Downing v. Lawrence Hall Nursing Ctr.*, 2010 Ark. 175, 9 (2010); *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 211 (1999); *Williams v. Jefferson Hosp. Ass'n*, 246 Ark. 1231, 1235 (1969) ("Appellant argues that the harshness of the doctrine requires its abandonment. Concededly that attack would be more persuasive if our court applied the doctrine in a broad and liberal manner, as has been true in some jurisdictions. Our court has in fact given the term 'charitable immunity' a rather narrow construction."); *Progressive Eldercare Servs.-Saline, Inc. v. Cauffiel*, 2016 Ark. App. 523, 3 (citation omitted).

By contrast, the statutory immunity granted local governments does not cover intentional torts. *Deitsch v. Tillery*, 309 Ark. 401 (1992). Given that there is no express judicial directive to construe *that* doctrine narrowly, it is difficult to imagine that entities that are held to be charities will be free from liability for intentional torts while local governments are not.

There is no established answer to how the doctrine applies to non-negligence claims.

3

This legal question is, so far as undersigned counsel can tell, a matter of first impression. It presents an issue of substantial public importance that requires a prompt and definitive resolution. And it is outcome determinative as to numerous claims in this case. Certification is appropriate.

Accordingly, Plaintiff Omarion Dickens respectfully requests that the Court certify a question to the Supreme Court of Arkansas that clarifies whether the doctrine of charitable immunity covers claims other than those for negligence.

Respectfully submitted,

/s/Geoffrey D. Kearney
Geoffrey D. Kearney
Ark. Bar No. 2012304

The Law Office of Geoffrey D.
Kearney, PLLC
P.O. Box 8276
Pine Bluff, AR 71611
P: 870-376-3068
E: GDK@gdkpllc.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have e-filed the foregoing and that the e-filing system in use in this Court will cause that notice to be furnished to all counsel of record through the CM/ECF system on or about the time of docketing.

/s/Geoffrey D. Kearney

4